# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4163

_____

Karen Gentry; Joetta Spavale,         *
                                          *

                 Appellants,       *

                                          *   Appeal from the United States

        v.                       *   District Court for the Eastern

                                          *   District of Missouri.

Paul Horn; AT&T Wireless Services,   *

Inc., formerly known as McCaw       *       [UNPUBLISHED]

Cellular Communications, Inc.,      *

                                          *

               Appellees.        *

_____

Submitted:  November 16, 2000

Filed:  November 22, 2000

_____

Before BOWMAN, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

      Karen Gentry and Joetta Spavale found investors and raised capital to help Paul Horn fund a cellular telephone venture, and Horn agreed to pay a 10% broker fee to Gentry and Spavale on proceeds he received for the permit's sale.  After Horn sold the permit to AT & T Wireless Services, Inc. (AWS), Gentry and Spavale brought this action against Horn and AWS for breach of contract seeking damages, a constructive trust, and declaratory relief.  The district court granted summary judgment to AWS, concluding Gentry and Spavale could not recover against AWS under a third-party

beneficiary claim, and the court could not impose a constructive trust because AWS owned no property interest in Missouri.  The district court concluded it had no personal jurisdiction to enter a money judgment against Horn, who Gentry and Spavale could only serve by publication.  On appeal, Gentry and Spavale argue the district court committed error in declining to enter a declaratory judgment against Horn and in dismissing the constructive trust and third-party beneficiary claims against AWS. Having carefully reviewed the parties' briefs, the record, and the applicable law, we conclude the district court properly ruled.  Because an extended opinion is not warranted in this state-law diversity case, we affirm without further discussion.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.